# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,        )<br>                            )<br>    Plaintiff,              )<br>                            )<br>    v.                      )<br>                            ) Civil Action No. 1:19-cv-914 (TSC)<br>U.S. DEPARTMENT OF JUSTICE,)<br>                            )<br>    Defendant.              )<br>                            ) | |

## ANSWER

Defendant Department of Justice ("Defendant" or "DOJ"), through its undersigned attorneys, hereby answers the separately numbered paragraphs and prayer for relief contained in the Complaint ("Complaint") filed by Plaintiff American Oversight ("Plaintiff") as follows:

1. The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required.

2. The allegations in this paragraph consist of legal conclusions, to which no response is required.

3. The allegations in this paragraph consist of legal conclusions, to which no response is required.

4. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

6. Defendant admits the allegations in the first two sentences to the extent that the DOJ is a department of the executive branch of the U.S. government and is a Federal agency headquartered in Washington, D.C., and that the Office of Information Policy ("OIP"), Office of the Attorney General ("OAG"), the Office of the Deputy Attorney General ("ODAG"), the Office of the Associate Attorney General ("OASG"), the Office of Legislative Affairs ("OLA"), and the Office of Legal Policy ("OLP") are components of DOJ. The remaining allegations in the first sentence and the allegations in the third sentence consist of conclusions of law, to which no response is required.

7. Defendant admits that Plaintiff submitted three FOIA requests to OIP in July 2018. Defendant avers that OIP is the DOJ component responsible for handling FOIA requests seeks records of, *inter alia*, OAG, ODAG, OASG, OLA, and OLP. The remaining allegations in this paragraph consist of Plaintiff's description of those FOIA requests. Defendant respectfully refers the Court to those FOIA requests, attached hereto as Exhibits A, B, and C, for a true and complete statement of their contents. To the extent Plaintiff's description is inconsistent with those FOIA requests, Defendant denies the allegations in this paragraph.

8. Defendant admits that Plaintiff submitted a FOIA request to DOJ on July 6, 2018. The remaining allegations in this paragraph consist of a quotation from that FOIA request. Defendant respectfully refers the Court to that FOIA request, attached hereto as Exhibit A, for a true and complete statement of its contents. To the extent Plaintiff's description is inconsistent with that FOIA request, Defendant denies the allegations in this paragraph.

9. Defendant admits the allegations in the first sentence to the extent that the FOIA request dated July 6, 2018 sought expedited processing. The remaining allegations in the first sentence consist of Plaintiff's description of that FOIA request. Defendant respectfully refers the

Court to that FOIA request, attached hereto as Exhibit A, for a true and complete statement of its contents. To the extent Plaintiff's description is inconsistent with that FOIA request, Defendant denies the allegations in this paragraph. Defendant admits the allegations in the second sentence.

10.     Defendant denies the allegations in this paragraph and avers that it assigned the FOIA request dated July 6, 2019 tracking numbers DOJ-2018-006392 (OLP) and DOJ-2018-006394 (OIP).

11.     Defendant admits that, via letter dated July 16, 2018, OIP acknowledged Plaintiff's FOIA request dated July 6, 2018, and that it denied Plaintiff's request for expedited processing on that date. Defendant respectfully refers the Court to that July 16, 2018 letter, attached hereto as Exhibit D, for a true and complete statement of its contents.

12.     Defendant denies the allegations in this paragraph and avers that the parties spoke by phone on July 11, 2018.

13.     Defendant admits that Plaintiff submitted a FOIA request to DOJ on July 9, 2018. The remaining allegations in this paragraph consist of Plaintiff's characterization of and quotation from that FOIA request. Defendant respectfully refers the Court to that FOIA request, attached hereto as Exhibit B, for a true and complete statement of its contents. To the extent Plaintiff's characterization and quotation is inconsistent with that FOIA request, Defendant denies the allegations in this paragraph.

14.     Defendant admits that it assigned the FOIA request dated July 9, 2018 tracking numbers DOJ-2018-006451 (OAG) and DOJ-2018-006491 (OLP).

15.     Defendant admits the allegations in the first sentence to the extent that the FOIA request dated July 9, 2018 sought expedited processing. The remaining allegations in the first sentence consist of Plaintiff's description of that FOIA request. Defendant respectfully refers the

Court to that FOIA request, attached hereto as Exhibit B, for a true and complete statement of its contents. To the extent Plaintiff's description is inconsistent with that FOIA request, Defendant denies the allegations in this paragraph. Defendant admits the allegations in the second sentence.

16. Defendant admits that the parties agreed on July 11, 2018 that DOJ could consolidate the portion of the July 9, 2018 FOIA request involving a search of OLP with the FOIA request dated July 6, 2018. Defendant avers that this agreement allowed OIP to close the administrative tracking number associated with OLP created for the July 9, 2018 FOIA request as duplicative of the July 6, 2018 FOIA request.

17. Defendant admits that, via letter dated July 16, 2018, OIP acknowledged Plaintiff's FOIA request dated July 9, 2018, and that it denied Plaintiff's request for expedited processing on that date. Defendant respectfully refers the Court to that July 16, 2018 letter, attached hereto as Exhibit D, for a true and complete statement of its contents.

18. Defendant denies the allegations in this paragraph and avers that the parties spoke by phone on July 11, 2018.

19. Defendant admits that Plaintiff submitted a FOIA request to DOJ on July 24, 2018. The remaining allegations in this paragraph consist of a quotation from that FOIA request. Defendant respectfully refers the Court to that FOIA request, attached hereto as Exhibit C, for a true and complete statement of its contents. To the extent Plaintiff's description is inconsistent with that FOIA request, Defendant denies the allegations in this paragraph.

20. Defendant admits that it assigned the FOIA request dated July 24, 2018 tracking numbers DOJ-2018-007115 (AG), DOJ-2018-007643 (DAG), DOJ-2018-007644 (ASG), DOJ 2018-007645 (OLP), DOJ-2018-007646 (OLA), and DOJ-2018-007647 (OIP).

21. Defendant admits that, via letter dated August 17, 2018, OIP acknowledged Plaintiff's FOIA request dated July 24, 2018. Defendant respectfully refers the Court that August 17, 2018 letter, attached hereto as Exhibit E, for a true and complete statement of its contents.

22. Defendant admits that aside from its August 17, 2018 letter to Plaintiff, it has not provided Plaintiff with any further communication regarding the FOIA request dated July 24, 2018.

23. Defendant denies that it has not notified Plaintiff of any determination regarding its FOIA requests, and avers that it provided a final response as to tracking numbers DOJ-2018-006394 (OIP) and DOJ-2018-006491 (OLP) in the July 16, 2018 letter, and further avers that it provided a final response as to tracking number DOJ-2018-007647 (OIP) in the August 17, 2018 letter. Defendant admits that it has not issued a final response as to the remaining tracking numbers associated with Plaintiff's three requests or released any records in response to Plaintiff's requests.

24. The allegations in this paragraph consist of legal conclusions, to which no response is required.

25. Defendant realleges its responses to paragraphs 1-24 of the Complaint.

26. The allegations in this paragraph consist of legal conclusions, to which no response is required.

27. The allegations in this paragraph consist of legal conclusions, to which no response is required.

28. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

5

29. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

30. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

31. Defendant realleges its responses to paragraphs 1-30 of the Complaint.

32. The allegations in this paragraph consist of legal conclusions, to which no response is required.

33. The allegations in this paragraph consist of legal conclusions, to which no response is required.

34. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

35. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

36. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

37. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

The remaining allegations in the Complaint constitute a prayer for relief to which no answer is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or denied.

**DEFENSES**

1. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

2. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA.

3. Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue their processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

4. Plaintiff's failure to exhaust administrative remedies with respect to one or more of their claims precludes judicial review over those claims.

WHEREFORE, having fully answered, Defendant prays that:

1. This Court enter judgment for Defendant and dismiss this action with prejudice; and

2. Defendant be granted such further relief as the Court may deem just and proper.

Dated: May 8, 2019             Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

7

<u>/s/ Kevin M. Snell</u>
KEVIN M. SNELL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C.  20005
Tel.: (202) 305-0924
Fax: (202) 616-8470
E-mail:  Kevin.Snell@usdoj.gov

*Attorneys for Defendant*
